UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:     Chapter 13

Michael L. Altwies, and     Case No. 19-43215
Renee K. Altwies,

    Hon. Phillip J. Shefferly

      Debtors.
_____/

**ORDER SUSTAINING TRUSTEE'S OBJECTION TO
CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN**

The Chapter 13 Trustee objects to confirmation of the Debtors' plan because it does not provide for all of the Debtors' projected disposal income to be applied to make payments to unsecured creditors under the plan as required by § 1325(b)(1)(B) of the Bankruptcy Code. Specifically, the Trustee objects to the Debtors' voluntary contribution of $563.00 per month to a retirement plan. The Trustee relies on Seafort v. Burden, 669 F.3d 662 (6th Cir. 2012) for the proposition that voluntary contributions to a retirement plan are not reasonable, necessary expenses and are not deductible in determining disposable income in Chapter 13. The Trustee also relies on four separate unreported decisions by three different bankruptcy judges in the Eastern District of Michigan: In re Penfound, case number 18-48940-MBM; In re

Reyes, case number 15-45618-PJS; In re Curran, case number 12-44197-MBM; and In re Rogers, case number 12-32558-DSO.  All four of these decisions followed Seafort in holding that voluntary contributions to a retirement plan are not reasonable, necessary expenses that are deductible in determining disposable income in Chapter 13.

The Debtors argue that neither Seafort nor the four unreported bankruptcy court decisions are controlling.  The Debtors further argue that under § 541(b)(7), which was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, voluntary contributions made by a Chapter 13 debtor to a retirement plan are neither property of the debtor's bankruptcy estate nor disposable income of the debtor for purposes of Chapter 13.  Finally, the Debtors argue that congressional intent, public policy and equitable considerations support the right of a Chapter 13 debtor to provide for retirement by making voluntary contributions to a retirement plan even while in a Chapter 13 plan.

On September 17, 2019, the Court held a hearing.  Following arguments, the Court took the Trustee's objection under advisement and adjourned the confirmation hearing until October 15, 2019.  The Court informed the Debtors and the Trustee that the Court would decide the matter prior to the adjourned confirmation hearing and notify the parties.

On September 20, 2019, while the Court had the matter under advisement, the United States District Court for the Eastern District of Michigan issued an opinion in John S. Penfound and Jill S. Penfound v. David Wm. Ruskin, Chapter 13 Trustee, case number 18-13333. The Penfound opinion affirmed one of the four unreported bankruptcy court decisions cited by the Trustee that followed Seafort, and held that

> The bankruptcy court was correct in relying on Seafort and Rogers in concluding that Debtors' voluntary post-petition contribution to a 401(k) account are part of disposable income. While the Debtors argue that this finding is contrary to the bankruptcy code and urge a different view, the Court is bound by Seafort. In other words, Debtors' argument is properly addressed to the Sixth Circuit.

Penfound v. Ruskin, No. 18-13333, slip op. at 7-8.

The Debtors in this case raise important policy considerations, and the Court is not unsympathetic. However, the Court is persuaded by Penfound that the Sixth Circuit's opinion in Seafort is controlling. The Court adopts the reasoning in Penfound, follows Seafort and Penfound, and holds that the Debtors cannot exclude from their projected disposable income the $563.00 per month that they propose to voluntarily contribute to a retirement account. Accordingly,

**IT IS HEREBY ORDERED** that the Trustee's objection (ECF No. 23) to confirmation of the Debtors' plan is sustained.

**IT IS FURTHER ORDERED** that the Court will confer with the Debtors and the Trustee at the adjourned confirmation hearing on October 15, 2019 at 10:00 a.m. regarding how the Debtors wish to proceed in light of the Court's decision.

**Signed on October 08, 2019**



/s/ Phillip J. Shefferly
Phillip J. Shefferly
United States Bankruptcy Judge